UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN NEFTALI AGUILAR-RIVERA,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES, *et al.*,<br><br>  Defendants. | Case No. 1:21-cv-00868-CDB (PC)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF WITHIN THIRTY (30) DAYS (Doc. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS *BIVENS* CLAIM FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN (14) DAY DEADLINE TO FILE OBJECTIONS**<br><br>Clerk of Court to assign a district judge. |

Plaintiff Martin Neftali Aguilar-Rivera is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action misfiled under 42 U.S.C. § 1983[1] and the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Based on attachments to the complaint, Plaintiff alleges he contracted COVID-19 due to Defendant Warden Ciolli's negligent failure to keep COVID-positive staff separate from unexposed inmates and administrative staff's failure to quarantine an inmate from other inmates upon his return from an outside hospital. (Doc. 1 at 10.) The Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted

---

[1] As discussed herein, this action should have been brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

under *Bivens*, and the deficiencies cannot be cured by amendment. Therefore, the Court recommends dismissal of Plaintiff's Eighth Amendment claim asserted under *Bivens* and dismissal of Defendant Silva and the unnamed individual defendants.

Plaintiff has failed to allege exhaustion of remedies under the FTCA, and this claim should be dismissed based on a lack of subject matter jurisdiction. However, because the pleading deficiencies may be cured, Plaintiff is granted leave to file a first amended complaint.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Id.* at 322–23. The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

**II.    PLEADING REQUIREMENTS**

**A.     Federal Rule of Civil Procedure 8(a)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

1  claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations
2  are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

3        The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit
4  of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal
5  pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*,
6  490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential
7  elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d
8  1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not
9  required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681
10 (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir.
11 2008)). The mere possibility of misconduct and facts merely consistent with liability is
12 insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572
13 F.3d 962, 969 (9th Cir. 2009).

14       Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely
15 clear that the deficiencies of the complaint could not be cured by amendment." *Kelly v. Christy*,
16 981 F.2d 1258 (9th Cir. 1992) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.
17 1992) (per curiam), *cert. denied*, 488 U.S. 995 (1988)).

18     **B.**    ***Bivens* and Supervisory Liability**

19       Under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for
20 damages for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397. To state a
21 claim under *Bivens*, a plaintiff must allege: (1) a violation of his constitutional rights, and (2) the
22 alleged violation was committed by a federal actor. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th
23 Cir. 2010) (citing *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)). *Bivens* action is
24 the federal analog to suits brought against state officials under 42 U.S.C. § 1983. *Hartman v.*
25 *Moore*, 547 U.S. 250, 254 n.2 (2006); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)
26 ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state
27 actor under § 1983 by a federal actor under *Bivens*."). A plaintiff must plead more than mere
28 negligence by a federal actor to state a colorable claim under *Bivens*. *O'Neal v. Eu*, 866 F.2d 314,

314 (9th Cir. 1989) (per curiam) (citations omitted).

An official may be held liable for his or her own acts, not the acts of others. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77. Because vicarious liability is inapplicable to *Bivens* and section 1983 suits, *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010), supervisory personnel may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

### III.  PLAINTIFF'S ALLEGATIONS[2]

Plaintiff alleges generally that he was infected with COVID-19 because of Warden Ciolli's and administrative staff's negligence. According to the attachments to the complaint, Warden Ciolli failed to follow CDC procedures and the proper standard of care to protect inmates from infected staff members, he tried to cover up the outbreak, and he continued with normal operations, endangering the health of other inmates, staff, and the public. Throughout the month of December 2020, inmates were transported in and out of Atwater.

Plaintiff had been negative for COVID-19 prior to transfer to Atwater. However, on December 21, 2020, a COVID-19 outbreak occurred through the general inmate population, and Plaintiff tested positive for COVID-19 from a blood draw collected that day. Several BOP kitchen staff members tested positive and infected inmates who worked with them, who then spread the virus to other inmates in the unit. For two weeks after the outbreak, the prison continued its regular operations. After many inmates reported this to their families, Warden Ciolli placed the unit on quarantine.

On March 10, 2021, medical staff transported inmate Dexter Broadnax to an outside hospital for medical evaluation. The next day, Broadnax returned from the hospital and was placed back into general population without being quarantined and without consideration for

---

[2] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

possibility of re-exposure and another outbreak of the virus. Broadnax went to commissary, used the phone, and went to recreation with other inmates. Over fifty inmates contracted the virus. On March 10, 2021, medical staff took Broadnax and his cellmate to quarantine.

On July 6, 2021, Plaintiff filed a complaint naming as defendants the United States, Warden A. Ciolli, Assistant Health Services Administrator K. Silva, and unknown admissions and operations staff at USP Atwater. (Doc. 1 at 2). Plaintiff alleges he was infected with COVID-19 because Defendants were deliberately indifferent to the risk of serious harm to his health and neglected their statutory duty to keep inmates safe, healthy, and secured from harm when they failed to protect Plaintiff from exposure or re-exposure to COVID-19.

Plaintiff alleges that he has suffered both mental and physical injuries: muscle pain, anxiety, loss of smell and taste, migraines, mental and emotional distress, pain in his thyroid glands, blurred vision, back pain, a heart problem with shortness of breath at times, and fear of danger to his health because of the inefficiency of the medical department at Atwater. Plaintiff asserts that he did not have these symptoms prior to his transfer to Atwater. He seeks damages for his personal injuries resulting from negligence of a federal employee while acting within the scope of his employment.

**IV.  DISCUSSION**

    **A.  Attachments to Complaint**

Under a liberal construction of the attachments to the complaint, Plaintiff appears to assert a claim of deliberate indifference under the Eighth Amendment and a claim of negligence under the FTCA. (*Id.* at 3). Plaintiff states that he was infected with COVID-19 because Defendants "neglected their duty to prevent/protect plaintiff from Exposure to COVID-19." *Id.* Instead of providing allegations of fact that support his claims, Plaintiff references the attachments to the complaint as follows:

> See Continuation of Basis of Federal Tort Claim 8. Pg. 13/Request for Reconsideration and Information Supplement To Tort Claim attached. *See Castro v. United States*, 540 375 (2003) on *pro se* litigants recharacterization.

*Id.* (no alterations added or omitted).[3] As relief, Plaintiff seeks compensatory damages. (*Id.* at 6).

---

[3] Photocopies of the complaint and the attachments, with minor modifications to customize the

Under Rule 10 of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). This Court has considered the allegations contained in the attachments to Plaintiff's complaint to determine whether the complaint satisfies basic notice pleading requirements.[4]

### B. Failure to State a Claim under 42 U.S.C. § 1983

Even if the complaint contained proper and sufficient allegations against Defendants, Plaintiff cannot maintain a section 1983 against them. Section 1983 provides a cause of action against "persons acting under color of state law." 42 U.S.C. § 1983. The individual defendants are federal actors and are not subject to claims brought under section 1983 unless they were acting under color of state law by conspiring or acting in concert with state officials. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995).

### C. Eighth Amendment Deliberate Indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend VIII. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "After incarceration, only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (internal citation omitted)). Conditions of confinement may be restrictive and harsh without running afoul of the Constitution. *See Rhodes*, 452 U.S. at 347. No matter where prisoners are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

---

forms for individual plaintiffs, have been submitted in other, unrelated cases. *See, e.g.*, *Gonzales v. United States*, Case No. 1:21-cv-01053-ADA-CDB; *Pena v. United States*, Case No. 1:21-cv-00833-JLT-GSA; *Moz-Aguilar v. Ciolli*, Case No. 1:21-cv-00883-AWI-GSA.

[4] *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1167–68 (E.D. Cal. 2010) ("a court may consider exhibits submitted with the complaint" as well as "evidence on which the complaint 'necessarily relies' if the complaint refers to a document"); *Calderon-Garnier v. Sanchez-Ramos*, 439 F. Supp. 2d 229, 236 (D. P.R. 2006) ("the Court may draw upon documents annexed to the complaint or incorporated into it" in determining whether a § 1983 claim satisfies basic notice pleading).

To state a cognizable Eighth Amendment claim, the plaintiff must show the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016). The deliberate indifference standard involves both an objective and a subjective prong. *Id.* First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A deprivation is sufficiently serious if a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). For a claim based on a failure to prevent harm, the inmate must show that the conditions of confinement pose a "substantial risk of serious harm." *Id.* at 824 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

The second prong of this test is subjective and requires the prison official to have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 302–04). In cases challenging conditions of confinement, the plaintiff must show that the prison official acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 302–03). "Deliberate indifference" entails something more than negligence but less than acts or omissions intended to cause harm or with knowledge that harm will result. *Farmer*, 511 U.S. at 835 (following *Estelle*, 429 U.S. at 104).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence, and the very obviousness of the risk may be sufficient to establish knowledge. *See id.* at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Even if a prison official should have been aware of the risk but was not, there is no Eighth Amendment violation, no matter how severe the risk. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (internal quotation and citation omitted), *cert. denied*, 574 U.S. 1073 (2015). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned

as the infliction of punishment." *Farmer*, 511 U.S. at 838. In addition, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably." *Id.* at 844.

It is undisputed that COVID-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). In particular, the transmissibility of the COVID-19 virus in conjunction with prison living conditions place plaintiff at a substantial risk of suffering serious harm. *See Coleman v. Newsom*, 455 F. Supp.3d 926, 928 n.3, 933 (E.D. Cal. 2020). Plaintiff must also allege that each defendant personally participated in the deprivation of his rights. *See Iqbal*, 556 U.S. at 676–77.

Plaintiff's factual allegations in support of his negligence claim are legally insufficient to support an Eighth Amendment claim against Defendants. Aside from Warden Ciolli, Plaintiff has made no allegations against the other named individual defendant, K. Silva. As to the unknown admissions and operations staff at USP Atwater, Plaintiff states: "Administrative staff breached their statutory duty, while acting within the scope of their employment and duty to keep inmates safe, health and secured from harm, when they subjected claimant to the reexposure or exposure of COVID-19 VIRUS here at USP Atwater." (Doc. 1 at 11.) These allegations of collective responsibility are insufficient to establish individual liability. *See Iqbal*, 556 U.S. at 676–77.

Moreover, under the current state of the law, Plaintiff may not pursue his constitutional claim against the defendants under *Bivens*, which is discussed in more detail below.

**D.** ***Bivens***

In *Bivens*, the Supreme Court recognized a cause of action for damages against federal agents who conduct unlawful searches and seizures under the Fourth Amendment. *Hernandez v. Mesa*, — U.S. —, 140 S. Ct. 735, 741 (2020). The Court has extended *Bivens* to two other constitutional claims: a Fifth Amendment claim for gender discrimination, *Davis v. Passman*, 442 U.S. 228 (1979); and an Eighth Amendment claim for failure to provide adequate medical treatment, *Carlson v. Green*, 446 U.S. 14 (1980). *Id.* Although *Carlson* created a *Bivens* remedy

for certain Eighth Amendment violations, *Carlson* did not create a blanket rule for all Eighth Amendment claims brought under *Bivens*. *See Hand v. Young*, No. 1:20-cv-00784-BAM (PC), 2021 WL 3206833, at *6 (E.D. Cal. July 29, 2021), *F.&R. adopted*, 2021 WL 5234429 (E.D. Cal. Nov. 10, 2021). Claims under the Eighth Amendment's Cruel and Unusual Punishment Clause arising from allegedly unconstitutional conditions of his confinement due to risks of COVID-19 present a new *Bivens* context. *See id.*

The Supreme Court has made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity" and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abbasi*, — U.S. —, 137 S. Ct. 1843, 1857 (2017) (quoting *Iqbal*, 556 U.S. at 675; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). In determining whether to infer a new cause of action under *Bivens*, the court must first consider whether there is "any alternative, existing process for protecting the interest." *Wilkie v. Robbins*, 551 U.S. 537, 550, (2007). The existence of an alternative remedial scheme "amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* Second, the court must consider whether there are special factors counseling against extension of *Bivens* into this area. *Ziglar*, 137 S. Ct. at 1857. A *Bivens* remedy is not available if there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.*

Both the existence of alternative remedial processes and other special factors warrant careful scrutiny before extending the *Bivens* remedy to Eighth Amendments claims based on deliberate indifference to a prisoner's exposure risk to COVID-19. Federal prisoners have alternative remedies available to them, including the FTCA and the Bureau of Prison's administrative grievance process. *See* 28 U.S.C. §§ 1346(b)(1), 2674 (allowing an inmate to seek money damages for personal injuries and property claims arising out of a federal employee's negligence or wrongful conduct); 31 U.S.C. § 3724(a) (allowing the Attorney General to settle claims for personal injuries and damages or lost personal property caused by federal law enforcement); 28 C.F.R. § 542.10(a) (establishing administrative-grievance procedure for "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement").

Congress's exclusion of a damages remedy against federal employees in the FTCA and section 1983 also counsels against expanding *Bivens* to include conditions of confinement claims. *Hand*, 2021 WL 3206833, at *7. In *Hand*, this Court found the plaintiff's claim based on defendants' deliberate indifference to the risk of injury from COVID-19 was a conditions-of-confinement question that presented a new *Bivens* context. *Id.* at *6. The Court further found special factors counsel against extending *Bivens* to Plaintiff's claim that Defendants were deliberately indifferent to inmate safety during the COVID-19 pandemic. *Id.* at *7. In particular, the Court reasoned that if Congress wanted to allow for personal liability of federal employees, it could have done so through FTCA and section 1983; applying a new *Bivens* remedy for conditions-of-confinement claims would burden the judiciary and prison officials, especially in light of COVID-19; and alternative remedies were available for protecting inmates' interests. *Id.*

The undersigned agrees with the numerous district courts in the Ninth Circuit and elsewhere that have found that *Bivens* Eighth Amendment claims based on prison officials' alleged failure to protect prisoners from COVID-19 arise in a "new context," and thus have declined to extend Bivens to that context. *See Clark v. Ciolli*, No. 1:21-cv-01081-SKO (PC), 2022 WL 17475718, at *4 (E.D. Cal. Dec. 6, 2022) (collecting cases). *Cf. McConnell v. Dahliwal*, 2022 WL 18397131, at *2 (C.D. Cal. Nov. 14, 2022) (recognizing a *Bivens* claim relating to a prisoner's death from COVID-19 where plaintiff pleaded the defendants knew of and disregarded his heightened risk of infection). Because an Eighth Amendment deliberate indifference claim is not recognized under *Bivens*, Plaintiff's constitutional claims against the individual defendants cannot proceed for this reason as well.

### E.     Federal Tort Claims Act

#### 1.     Legal Standards

The FTCA is a limited waiver of sovereign immunity and allows for the United States to be held liable for certain specified state tort actions, including negligence resulting in personal injury. 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy for torts committed by federal employees acting within the scope of their employment. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Because the remedy is against the United States and not against

individual employees, the United States is the only proper defendant for such a claim. 28 U.S.C. § 2679(b); *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). Under the FTCA, the United States can be held liable for state torts "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, but not for constitutional tort claims, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

To state a claim under the FTCA, a plaintiff must allege facts that support his tort claim and satisfy the elements of a claim in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b)(1); *United States v. Olson*, 546 U.S. 43, 45–46 (2005). Under California law, to claim the plaintiff must show that the "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Brown v. USA Taekwondo*, 483 P.3d 159, 164 (Cal. 2021), *reh'g denied* (May 12, 2021) (quoting *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988)).

Additionally, a plaintiff must allege he exhausted administrative remedies as an element of an FTCA claim. Exhaustion is a jurisdictional prerequisite and "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citing *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)). As a jurisdictional prerequisite, administrative exhaustion should be affirmatively alleged with particularity in the complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (internal citation omitted).

"[P]rison grievances are not sufficient to exhaust administrative remedies under the FTCA because exhaustion requirements for administrative remedies through the [Bureau of Prisons'] inmate grievance system differ from the exhaustion requirements for filing a claim under the FTCA." *Petty v. Shojaei*, 2013 WL 5890136, at *3 n.3 (C.D. Cal. Oct. 31, 2013) (citation and quotation marks omitted); *accord Gelazela v. United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9–10 (E.D. Cal. Dec. 1, 2022) (*comparing* 28 C.F.R. §§ 542.13–15 (Bureau of Prisons administrative grievance procedures) *with* 28 C.F.R. §§ 543.30–32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons)). The FTCA's administrative exhaustion requirement provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .

28 U.S.C. § 2675(a). This section requires the claimant to file "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). The Ninth Circuit has characterized these requirements as "minimal," requiring no "more than a skeletal claim with "only the bare elements of notice of accident and injury . . . ." *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985).

A plaintiff may thereafter challenge the agency's final denial in federal district court only by filing an action within six months of the date of the mailing of the notice of final denial by the agency. *See* 28 U.S.C. § 2401(b). If a plaintiff fails to follow these requirements, the FTCA claim must be dismissed, despite the harsh result to the plaintiff. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Dismissal without prejudice is proper unless there is no way the jurisdictional defect can be cured. *See Wilson v. Horton's Towing*, 906 F.3d 773, 783 (9th Cir. 2018).

### 2. Analysis

Plaintiff alleges that Warden Ciolli, while acting in the scope of his employment, had a statutory duty of care to protect Plaintiff's health and safety and to prevent the risk of exposure to or infection with COVID-19; Warden Ciolli breached this duty by failing to keep positive staff separate from inmates and by failing to quarantine inmates taken offsite before releasing them back into general population; and generally, the breach caused the outbreak and Plaintiff's COVID-19 infection. Construing Plaintiff's pleading liberally, the allegations in the correspondence are sufficient to state a cognizable claim for negligence by Warden Ciolli.

The attachments do not, however, establish that Plaintiff has met the procedural deadlines of the FTCA. Plaintiff's contracted COVID-19 on December 21, 2020, the same day as the outbreak. On March 10, 2021, medical staff transported inmate Broadnax to an outside hospital and returned him to general population without being quarantined from other inmates. The letter

to the federal BOP requesting reconsideration is signed and dated April 15, 2021, yet it indicates that Plaintiff's tort claim was denied on April 19, 2021. (Doc. 1 at 7, 15–16.) From these allegations in the attachments, the Court is unable to discern which date Plaintiff claims he suffered the injury; the date upon which Plaintiff filed his administrative claim; and the date of the mailing of the notice of final denial by the agency.

Additionally, with respect to exhaustion, Plaintiff has adequately alleged the minimal requirement that he first presented his claim to the appropriate federal agency under 28 U.S.C. § 2675(a) by written notification of an incident and a claim for money damages in a sum certain under 28 C.F.R. § 14.2(a). The attachments to the complaint suggest that Plaintiff sent written correspondence to the federal BOP and made a specific demand of $850,000.00. (Doc. 1 at 7, 15.)

However, on the complaint form, Plaintiff check-marked the box indicating that there are no administrative remedies available at his institution, and he check-marked the "yes" box indicating he submitted a request for relief. (Doc. 1 at 3.) He did not check-mark either box to indicate whether he submitted his request for relief to the highest level and in the blank space provided, Plaintiff wrote the following: "Filed Federal Administrative Tort Claim. See attached." (*Id.*) The attachments appear to contain only select pages from the letter to the BOP requesting reconsideration of his claim denial and providing his positive COVID-19 test. Construing the complaint and attachments in favor of the United States, Plaintiff has not properly alleged all elements of an FTCA claim, including the exhaustion of remedies before filing this action. Therefore, the Court finds that the complaint does not state a cognizable FTCA claim.

**V.     CONCLUSION**

    **A.     Constitutional Claim**

For the reasons set forth above, Plaintiff's complaint fails to state an Eighth Amendment claim for deliberate indifference to Plaintiff's health and safety. Based upon the facts alleged, the deficiencies in the constitutional claim cannot be cured by amendment, and further leave to amend would be futile. Therefore, Plaintiff's *Bivens* claim and each of the individual defendants, named or unnamed, should be dismissed with prejudice.

Accordingly, it is hereby RECOMMENDED that Plaintiff's *Bivens* claim be DISMISSED WITH PREJUDICE for failure to state a claim."

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a district judge to this case.

**B.     Tort Claim**

Because Plaintiff may be able to cure the deficiencies in the complaint with respect to his FTCA claim, the Court grants him leave to amend. **Within thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified herein as to Plaintiff's negligence claim under the FTCA.[5] If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 25 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this Order. However, he may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, it is hereby ORDERED:

1.     Plaintiff is GRANTED leave to file a first amended complaint;

---

[5] Should the District Judge decline to adopt the recommendation to dismiss the *Bivens* claim, the undersigned will address the claim by separate order.

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

3. **Within thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified in this order or, in the alternative, a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **March 15, 2023**                                  _____
                                                             UNITED STATES MAGISTRATE JUDGE