1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN NEFTALI AGUILAR-RIVERA, | Case No. 1:21-cv-00868-ADA-CDB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO COMPLY WITH LOCAL RULES, AND FAILURE TO PROSECUTE |
| UNITED STATES, *et al.*, | |
| Defendants. | (Docs. 9, 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Martin Neftali Aguilar-Rivera is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action misfiled under 42 U.S.C. § 1983[1] and the Federal Torts Claims Act ("FTCA"). On March 16, 2023, the Court issued a first screening order granting Plaintiff leave to file a first amended complaint with respect to his FTCA claim. (Doc. 10.) The Court also found that Plaintiff's complaint failed to state an Eighth Amendment claim upon which relief may be granted and recommended dismissal of the *Bivens* claim with prejudice. (*Id.* at 13–14.) As directed by the findings and recommendations, the Clerk of Court assigned a District Judge to this case and entered a notice reassigning case. (Doc. 9.)

---

[1] This action should have been brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

1    On the same day, March 16, 2023, the Clerk served both documents on Plaintiff by U.S.

2    Postal Service. On April 10, 2023, the U.S. Postal Service returned the order as "Undeliverable,

3    Return to Sender, Insufficient Address, Unable to Forward." To date, Plaintiff has not updated

4    his address with the Court.

5    As explained in the Court's first informational order, a party appearing *pro se* must keep

6    the Court advised of his current address. (Doc. 2 at 5.) Pursuant to Local Rule 183(b), "[i]f mail

7    directed to a pro se plaintiff at the address of record is returned by the United States Postal

8    Service as undeliverable" and "[i]f a pro se plaintiff's address is not updated within sixty-three

9    (63) days of mail being returned as undeliverable, the case will be dismissed for failure to

10   prosecute." L.R. 183(b).

11   The Local Rules also provide that the "[f]ailure of counsel or of a party to comply with

12   . . . any order of the Court may be grounds for the imposition by the Court of any and all

13   sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent

14   power to control their dockets" and in exercising that power, may impose sanctions, including

15   dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

16   1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a

17   court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th

18   Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v.*

19   *U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a

20   court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

21   prosecute and to comply with local rules).

22   Although more than sixty-three days have passed since the U.S. Postal Service returned

23   the Court's screening order and Clerk's notice reassigning case, Plaintiff has failed to notify the

24   Court of his current address. It appears that Plaintiff has abandoned this action. Whether he has

25   done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply

26   with the Court's orders and the Local Rules. The Court declines to expend its limited resources on

27   a case that Plaintiff has chosen to ignore.

28   ///

Accordingly, it is hereby RECOMMENDED:

1.  This case be dismissed without prejudice for Plaintiff's failure to obey a court order, comply with the Local Rules, and prosecute this action;

2.  The Clerk of Court be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2023**

UNITED STATES MAGISTRATE JUDGE